[Cite as *State v. Parra*, 2019-Ohio-1873.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| STATE OF OHIO | C.A. No. 28839 |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| ANTONIO D. PARRA | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No. CR-2017-02-0519 |

DECISION AND JOURNAL ENTRY

Dated: May 15, 2019

CARR, Judge.

{¶1} Appellant, Antonio Parra, appeals the judgment of the Summit County Court of Common Pleas. This Court affirms.

I.

{¶2} This matter arises out of a shooting that occurred in Barberton, Ohio, on January 15, 2017. Law enforcement learned that the shooter fled the scene in a silver SUV. Shortly thereafter, police spotted a silver SUV in the area and initiated a stop. A.T. was the driver of the vehicle. Parra was a passenger. Both A.T. and Parra were removed from the SUV. During a protective sweep of the vehicle, police observed a spent shell casing on the passenger seat. Police conducted a search of the vehicle and discovered a firearm in the glove compartment. Thereafter, police read Parra his *Miranda* rights and transported him to the police station.

{¶3} On February 16, 2017, the Summit County Grand Jury returned an indictment charging Parra with two counts of murder and two counts of felonious assault, all of which

contained firearm specifications. Parra was also charged with one count of having weapons while under disability and one count of improperly handling firearms in a motor vehicle.

{¶4} Parra filed a motion to suppress as well as an amended motion to suppress. Parra challenged both the basis for the stop as well as the legality of the search of the vehicle. Parra also sought to suppress statements that he made after he had been transported to jail. The State responded with a brief in opposition to the motion. The matter proceeded to a hearing. The trial court denied the motion to suppress as it related to the stop and the subsequent search of the vehicle. The trial court granted the motion to suppress as it pertained to a portion of Parra's statements to police.

{¶5} After a jury trial, Parra was acquitted of the murder and felonious assault charges. The jury found Parra guilty of having weapons while under disability and improperly handling firearms in a motor vehicle. The trial court imposed a 24-month term of incarceration on the count of having weapons while under disability and a 12-month term of incarceration on the count of improperly handling firearms in a motor vehicle. The trial court ordered that the sentences were to be served consecutively for a total prison sentence of three years.

{¶6} On appeal, Parra raises one assignment of error.

II.

## ASSIGNMENT OF ERROR

THE TRIAL COURT ERRED TO THE PREJUDICE OF MR. PARRA BY
DENYING THE MOTION TO SUPPRESS.

{¶7} In his sole assignment of error, Parra argues that the trial court erred in concluding that police had a lawful basis to conduct a search of the vehicle on the night in question. This Court disagrees.

{¶8} A motion to suppress evidence presents a mixed question of law and fact. *State v. Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, ¶ 8. "When considering a motion to suppress, the trial court assumes the role of trier of fact and is therefore in the best position to resolve factual questions and evaluate the credibility of witnesses." *Id.*, citing *State v. Mills*, 62 Ohio St.3d 357, 366 (1992). Thus, a reviewing court "must accept the trial court's findings of fact if they are supported by competent, credible evidence." *Burnside* at ¶ 8. "Accepting these facts as true, the appellate court must then independently determine, without deference to the conclusion of the trial court, whether the facts satisfy the applicable legal standard." *Id.*, citing *State v. McNamara*, 124 Ohio App.3d 706 (4th Dist.1997).

{¶9} Parra raised a number of issues in his motion to suppress, including the basis for the traffic stop and the legality of the search. After a hearing, the trial court issued a journal entry with its ruling on September 14, 2017. The trial court rejected Parra's challenges to the stop as well as the subsequent search. The trial court set forth multiple reasons for its ruling as it pertained to the search of the SUV. First, the trial court determined that Parra failed to demonstrate that he had an expectation of privacy in the vehicle and, therefore, lacked standing to challenge the search. The trial court further observed that, based on the totality of the circumstances, the search of the SUV was supported by probable cause in light of the likelihood that the firearm that was used in the recent shooting was somewhere inside the vehicle.

{¶10} On appeal, Parra does not challenge the legality of the traffic stop. Instead, Parra focuses on the search of the vehicle. Parra contends that the trial court erred in denying the motion to suppress because officer safety was not a concern and there was no indication that the passengers in the vehicle were going to be placed under arrest.

**{¶11}** Parra's argument is without merit. While both drivers and passengers in a vehicle may challenge the validity of a stop, "[t]he question of whether a person may challenge the search of a vehicle in which they have placed an item of property is a distinct inquiry." *State v. White*, 9th Dist. Lorain No. 11CA010005, 2011-Ohio-6748, ¶ 7, quoting *State v. Redding*, 9th Dist. Medina No. 10CA0018-M, 2010-Ohio-4286, ¶ 9. A passenger in a vehicle must establish a legitimate expectation of privacy in the vehicle in order to contest the search. *White* at ¶ 7, citing *Rakas v. Illinois*, 439 U.S. 128, 148 (1978). As noted above, the trial court concluded that Parra lacked standing to contest the search of the vehicle in this case. Parra has not challenged the trial court's standing determination on appeal. Accordingly, as Parra has not challenged the trial court's conclusion that he did not have standing to contest the search, he cannot prevail on his argument that the search was unlawful.

**{¶12}** The assignment of error is overruled.

### III.

**{¶13}** Parra's assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the

period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

 

 

DONNA J. CARR
FOR THE COURT

TEODOSIO, P. J.
CALLAHAN, J.
CONCUR.

APPEARANCES:

ALAN M. MEDVICK, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and HEAVEN DIMARTINO, Assistant Prosecuting Attorney, for Appellee.